LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 28690

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JEFFREY SMITH AND LAUREL SMITH, Plaintiffs-Appellees, v.
HEINZ-GUENTHER PINK, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL CASE NO. 1RC07-1-711)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

Defendant-Appellant Heinz-Guenther Pink (**Pink**) appeals from the Second Amended Judgment (**Judgment**) filed on October 30, 2007 in the District Court of the First Circuit, Honolulu Division (**District Court**).[1]  In the Judgment, the District Court awarded compensatory and treble damages in the total amount of $13,050.24, and attorney's fees and costs in the amount of $8,326.62, in favor of Plaintiffs-Appellees Jeffrey Smith and Laurel Smith (**Smiths**) and against Pink.

Pink, who is self-represented, did not include a points of error section in his Opening Brief as required by Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4).  Moreover, Pink's Opening Brief does not comply in any significant respect with HRAP Rule 28.  Pink's non-compliance also includes:  (1) failure to provide subject matter index or a table of authorities, in violation of HRAP Rule 28(b)(1); (2) failure to provide a concise statement of the case, in violation of HRAP Rule 28(b)(3); (3) failure to refer to the specific errors alleged pointing out in the record where the alleged errors occurred and where they were brought to the attention of the District Court, in violation of HRAP Rule 28(b)(4); (4) failure

---

[1]  The Honorable Hilary Benson Gangnes presided.

to provide a standards of review section, in violation of HRAP Rule 28(b)(5); and (5) failure to include a statement of related cases, in violation of HRAP Rule 28(b)(11).

Pink fails to make a discernable argument regarding the District Court's findings of fact, which were entered after a trial on the merits. See HRAP Rule 28(b)(7) ("[T]he appellant shall file an opening brief, containing the following sections . . . (7) The argument, containing the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on. . . . Points not argued may be deemed waived."); Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawai'i 438, 478, 164 P.3d 696, 736 (2007) ("[A]n appellate court is not obliged to address matters for which the appellant has failed to present discernible arguments.") To the extent that Pink has challenged the District Court's findings of fact, he has not met his burden of demonstrating that they are clearly erroneous.

Nevertheless, in light of the policy favoring dispositions on the merits, we notice plain error in certain of the District Court's conclusions of law. The District Court concluded, *inter alia*, that the Smiths were "consumers" within the meaning of Hawaii Revised Statutes (**HRS**) § 480-2(d). In Cieri v. Leticia Query Realty, Inc., 80 Hawai'i 54, 66, 905 P.2d 29, 41 (1995), however, the Hawaii Supreme Court held:

> [R]eal estate or residences do not qualify as "goods" under HRS § 480-1, and the [Plaintiffs] therefore do not have standing as "consumers" to bring a claim alleging a violation of HRS chapter 480 for the real estate transaction at issue in the present case as purchasers of "goods."

The dispute in this case arose out of the rental of Pink's real property to the Smiths, which involved the transfer of a possessory interest in the real property for a period of time, in exchange for payment. Smiths were not purchasers of goods or services from Pink and nor was the lease at issue a "personal investment," as alternatively contemplated by HRS

2

§ 480-1. Therefore, the Smiths had no standing to bring a suit under HRS § 480-2 and were not entitled to treble damages.[2]

For these reasons, we affirm the District Court's award of compensatory damages in favor of the Smith's and against Pink in the amount of $4,350.08, but vacate the award of treble damages. As it appears that the attorney's fees were awarded based on HRS § 480-13(a)(1), we also vacate the attorney's fees awarded in the Judgment and remand for recalculation pursuant to the proper statutory authority. In all other respects, we affirm.

Accordingly, the District Court's October 30, 2007 Judgment is affirmed in part, vacated in part, and remanded for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, April 15, 2010.

On the briefs:

Mark S. Kawata
Michael P. Kalish
for Plaintiffs-Appellees

Heinz-Guenther Pink
Pro Se Defendant-Appellant

Presiding Judge

Associate Judge

Associate Judge

---

[2] See Akinaka v. Disciplinary Bd. of Hawai'i Supreme Court, 91 Hawai'i 51, 55, 979 P.2d 1077, 1081 (1999) (holding that "although neither the parties nor the trial court considered the question of standing, this court has a duty, *sua sponte*," to determine whether the plaintiff has standing (citations omitted)).